CHIEF JUSTICE GRAY,
dissenting.
¶25 I do not disagree with the Court’s analysis. I respectfully dissent from its Opinion, however, because it is my view that this matter is not properly before us. Accordingly, I would dismiss the appeal without prejudice.
¶26 The action underlying this appeal was tried to the District Court. That court filed findings of fact, conclusions of law, and a judgment on May 2, 2005. The final substantive part of the judgment provides that Stacy and/or S & S must make arrangements to pay off or refinance the loan at the Bank by July 1, 2005; if the loan has not been renegotiated or paid off by that time, the court is to be notified in writing and “appropriate action will be taken to dissolve the *510 corporation and extinguish the corporation’s liabilities.” Notice of entry of this judgment was filed on June 7, 2005, and Stacy and S & S filed a notice of appeal on June 13, 2005.
¶27 The Court interprets this judgment as one ordering corporate dissolution and premises its discussion of the issues raised on that interpretation. In my opinion, the judgment is not one ordering a corporate dissolution, but merely one clarifying that an order or decree of corporate dissolution would be entered in the future absent Stacy and/or S & S satisfying the conditions set forth in the judgment. Consequently, this judgment is not a final judgment from which an appeal can be taken.
¶28 Section 35-1-938(2), MCA, does vest discretion in a trial court to dissolve a corporation under the circumstances discussed by the Court. Section 35-1-942, MCA, however, makes it clear that a decree or order of dissolution is necessary to effectuate a judicial dissolution as of a date certain. After the decree of dissolution is filed, the only actions remaining are the winding up and liquidation of the corporation’s business and affairs-under the direction of the trial court-as set forth in other statutes. See § 35-1-942, MCA.
¶29 In the present case, the District Court’s judgment was neither a decree nor an order of dissolution. It was, in effect, a warning that such a decree of dissolution would be forthcoming unless certain events occurred. The notice of appeal divested the District Court of further jurisdiction in this matter. For that reason, that court could not address the merits of the motion to dissolve and response to motion to dissolve filed by the parties thereafter.
¶30 I conclude this appeal is not properly before us because it was not taken from a final judgment. Consequently, and notwithstanding the related year of unnecessary delay in the underlying case, I would dismiss this appeal as prematurely taken and return the case to the District Court for further proceedings. I dissent from the Court’s failure to do so.